# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| **STANLEY J. KOWALEWSKI,**<br>    Movant, | **CRIMINAL ACTION NO.**<br>**2:13-CR-0045-RWS-JCF-1** |
| v. | **CIVIL ACTION NO.**<br>**2:18-CV-0225-RWS-JCF** |
| **UNITED STATES,**<br>    Respondent. | **MOTION TO VACATE**<br>**28 U.S.C. § 2255** |

## MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

This matter has been submitted to the undersigned Magistrate Judge for consideration of Stanley J. Kowalewski's counseled motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 227) and the government's response (Doc. 230). For the reasons that follow, it is **RECOMMENDED** that Kowalewski's § 2255 motion be **DENIED**.

## I. PROCEDURAL HISTORY

A jury in the Northern District of Georgia convicted Kowalewski of twenty-two counts of wire fraud based on the alleged diversion of funds and misrepresentations to investors, one count of conspiracy to obstruct a Securities and Exchange Commission ("SEC") proceeding, and one count of obstruction of an SEC proceeding based on false testimony and altered documentation that he provided to

the SEC during its investigation of SJK Investment Management, Inc. ("SJK"). United States v. Kowalewski, 708 F. App'x 605, 606 (11th Cir. 2017) (per curiam). "Kowalewski was the owner and CEO of SJK . . ., a hedge fund of funds manager," and in 2009, he

> formed a new SJK fund called the Special Opportunities Fund [("SOF")], which he did not disclose to investors[,] . . . diverted more than $16 million into the SOF without the investors' knowledge[,] and used that money to make a number of personal purchases and to transfer over $4 million into his personal bank account.

Id. The United States Court of Appeals for the Eleventh Circuit summarized the evidence presented at trial, which it viewed in the light most favorable to the government and found sufficient to support Kowalewski's convictions, as follows:

> Kowalewski provided investors with monthly statements that misrepresented their account balances through inflated valuations (up to $20 million more than the actual value of the accounts) and sent letters to them that misrepresented how their money was invested and what had driven performance for the month. Mr. Kowalewski also misrepresented to investors that he was managing more than $400 million in assets, when he never had more than approximately $71 million under management. . . . Mr. Kowalewski told investors that he used equity investment strategies that did not include real estate investments, yet he purchased a personal home, two homes for relatives, and a beach house with investor funds. Similarly, he told investors that he would invest in only "unaffiliated" hedge funds, but instead diverted more than $16 million into the SOF—an "affiliated" fund—without the investors' knowledge, using that money to, among other things, buy personal homes and transfer at least $4 million to himself.

> . . .
>
> . . . Michael Fulcher, SJK's chief financial officer, pled guilty to conspiring with Mr. Kowalewski to obstruct the SEC investigation. Mr. Fulcher testified that he, at Mr. Kowalewski's direction, created two rental agreements in November of 2010 and backdated them to July of 2010 to make it appear that Mr. Kowalewski's family members were leasing properties purchased by the SOF with investor funds when there were in fact no rental agreements. Mr. Kowalewski told the SEC that the rental agreements existed and were signed at the time the SOF purchased each property.
>
> . . .
>
> . . . Mr. Kowalewski falsely stated during his SEC testimony that he had disclosed the SOF fund to investors, and that his attorneys and other professionals had authorized his fraudulent activity.

Id. at 607-08. Victoria Calvert and Mildred Dunn of the Federal Defender Program, Inc., represented Kowalewski at trial. (Doc. 146.) The Court imposed a total sentence of 209 months of imprisonment. (Doc. 202.)

Still represented by Calvert and Dunn, Kowalewski appealed, arguing that: (1) the evidence was insufficient to support his convictions; (2) the district court erred by allowing evidence regarding a conversation he had with Bernie Madoff, a recent investor's loan to him, and his communications with his attorney; (3) the district court erred in denying his motions to continue the trial; (4) the district court erred in denying his attorneys' motions to withdraw; and (5) his sentence is procedurally and substantively unreasonable. (Doc. 230-2 at 13, 48-67.) On

3

September 6, 2017, the Eleventh Circuit affirmed Kowalewski's convictions and sentence. Kowalewski, 708 F. App'x at 608.

Kowalewski timely filed this § 2255 motion, arguing that his attorneys provided him ineffective assistance in (1) unsuccessfully seeking a continuance so that he could retain new counsel and failing to raise the Sixth Amendment issue on appeal, (2) failing to object when the Court conducted an October 13, 2015 pretrial conference and an October 21, 2015 telephonic conference outside his presence, (3) urging him not to testify at trial, and (4) failing to call certain witnesses. (Doc. 227 at 2-6.)[1] The government responds that Kowalewski has not shown deficient performance by counsel or prejudice. (Doc. 230 at 25-50.)

---

[1] To the extent that Kowalewski intends to raise claims that are not based on ineffective assistance of counsel, such claims are procedurally barred either because they were raised and rejected on direct appeal or because he failed to raise them on direct appeal and has not shown cause and prejudice or actual innocence to excuse the default. See Stoufflet v. United States, 757 F.3d 1236, 1239 (11th Cir. 2014) ("It is long settled that a prisoner is procedurally barred from raising arguments in a motion to vacate his sentence, 28 U.S.C. § 2255, that he already raised and that [the Eleventh Circuit] rejected in his direct appeal." (citations omitted)); McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011) (A criminal defendant who fails to raise an issue on direct appeal is procedurally barred from raising the claim in a § 2255 motion, absent (1) a showing of cause for the default and actual prejudice or (2) a showing of actual innocence.).

## II.   DISCUSSION

### A.   Legal Standards

A federal prisoner may file a motion to vacate his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  "[T]o obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal."  United States v. Frady, 456 U.S. 152, 166 (1982) (footnote omitted).  An evidentiary hearing is not warranted if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).  Based on the record before the Court, the undersigned finds that an evidentiary hearing is not required in this case.  See Diaz v. United States, 930 F.2d 832, 834 (11th Cir. 1991) (noting that, although prisoner seeking collateral relief is entitled to evidentiary hearing if relief is warranted by facts he alleges, which court must accept as true, hearing is not required if record conclusively demonstrates that no relief is warranted).

The standard for evaluating ineffective assistance of counsel claims is set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984).  See Butts v. GDCP

Warden, 850 F.3d 1201, 1204 (11th Cir. 2017) (applying Strickland to allegations of ineffective assistance of appellate counsel), cert. denied, 138 S. Ct. 925 (2018). The analysis is two-pronged. However, a court need not address both prongs "if the defendant makes an insufficient showing on one." Id. at 697. A defendant asserting a claim of ineffective assistance of counsel must first show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id. at 690. Second, a defendant must demonstrate that counsel's unreasonable acts or omissions prejudiced him. In order to demonstrate prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

**B.     Ground One: Motions to Continue to Obtain New Counsel**

Kowalewski first argues that counsel was ineffective for unsuccessfully seeking a continuance approximately two weeks before trial began so that he could obtain new counsel and for failing to argue on appeal that he was thus denied the right to counsel of his choice. (Doc. 227 at 2-4.)

Kowalewski's trial was originally set for June 1, 2015 (Doc. 111), but the Court granted Kowalewski a four-month continuance because his attorneys needed additional time to prepare and set the trial for October 26, 2015 (Doc. 114). On

October 8, and October 16, 2015, Kowalewski moved for a continuance, in part, because he wished to retain new counsel and had signed an agreement retaining a new attorney but had not yet paid that attorney.  (Docs. 123; 128.)  At an October 13, 2015 pretrial conference, Calvert told the Court that Kowalewski "was unwilling to participate in trial preparation" because he wanted to retain new counsel.  (Doc. 219 at 3.)  Dunn argued that Kowalewski had a Sixth Amendment right to counsel of his choice.  (Id. at 4.)  The Court denied a continuance, stating that it had "huge problems with [Kowalewski's] desire to hire counsel that he has not even retained and we're two weeks from trial" and finding that Kowalewski was "attempting to manipulate the system."  (Id. at 4-5, 10.)  The Court noted that Kowalewski could either proceed with Calvert and Dunn or retain new counsel if he had the funds to do so, which the Court doubted.  (Id. at 5-6.)  During a telephone conference on October 21, 2015, the Court granted a two-day delay to allow defense counsel additional time to prepare.  (Doc. 213 at 11.)

      The mere fact that the Court denied the motions for a continuance does not demonstrate deficient performance by Calvert and Dunn.  See Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000) ("[T]he fact that a particular defense ultimately proved to be unsuccessful [does not] demonstrate ineffectiveness."). Kowalewski does not show what more counsel could have done to obtain a

7

continuance on the eve of trial. Kowalewski had ample time between his November 19, 2013 indictment (Doc. 1) and his October 28, 2015 trial (Doc. 146) to retain private counsel and should not have waited until the eve of trial to make that request. See United States v. Smith, No. 1:07-CR-183-WKW [WO], 2010 WL 55645, at *3 (M.D. Ala. Jan. 5, 2010) (Defendant "is entitled to a fair and reasonable opportunity to select the attorney of his choice, but not to 'eleventh,' or even 'tenth,' hour tactics that seem more calculated to delay than to seek new counsel of choice." (citation omitted)). Thus, Kowalewski has not shown deficient performance by counsel for failing to obtain a second continuance.

As to counsel's failure to raise this Sixth Amendment claim on direct appeal, the Eleventh Circuit has held that a district court did not deprive the defendant of his Sixth Amendment right to counsel of choice by refusing to continue his trial and allow him additional time to retain counsel. United States v. Williams, 213 F. App'x 937, 938 (11th Cir. 2007) (per curiam). In that case, Williams informed the district court, approximately two months before trial, that he intended to retain counsel, but, on "the day his trial began, Williams had not yet retained counsel . . . [and] sought a continuance of an unspecified length." Id. Williams told the court that he had spoken with a private attorney, but he could not verify that he had the means to hire that attorney. Id. The Eleventh Circuit concluded that "[t]he district

8

court did not abuse its discretion by denying Williams a continuance in the light of 'the general interest in the prompt and efficient administration of justice.'" Id. (citation omitted). Thus, Kowalewski's attorneys reasonably elected not to raise this meritless issue on appeal. See Smith v. Murray, 477 U.S. 527, 536 (1986) ("[W]innowing out weaker arguments on appeal and focusing on those more likely to prevail . . . is the hallmark of effective appellate advocacy." (internal quotation marks and citation omitted)).

Kowalewski also fails to show prejudice. He has not shown that the Court would have granted a last minute continuance had counsel performed differently or that the Sixth Amendment argument would have been successful on appeal. Moreover, Kowalewski has not presented any evidence to show that, if the Court had granted him a continuance, he would have had the funds to hire an attorney. In fact, the record shows that Kowalewski still did not have the funds to retain counsel up through March of 2016 for sentencing.[2]  (Doc. 211 at 3, 5, 13.)   Thus,

---

[2] That Kowalewski "could not . . . afford private counsel is of no Sixth Amendment significance; a defendant may not insist on representation by an attorney he cannot afford." United States v. Bissell, 866 F.2d 1343, 1351 (11th Cir. 1989) (citation omitted).  See also United States v. Gonzalez-Lopez, 548 U.S. 140, 151 (2006) ("[T]he right to counsel of choice does not extend to defendants who require counsel to be appointed for them.").

Kowalewski is not entitled to relief on ground one.

**C.      Ground Two: Kowalewski's Absence at Pretrial Conferences**

In ground two, Kowalewski contends that his attorneys should have objected when the Court conducted an October 13, 2015 pretrial conference and an October 21, 2015 telephonic conference outside his presence. (Doc. 227 at 4-5.) Kowalewski maintains that these conferences were "critical stages of the prosecution, because it was during these conferences, that [his] request for a continuance to secure retained counsel (and for a continuance) were discussed with the prosecution," as well as his conflict with counsel, but he was not "given an opportunity to address the Court." (Id. at 5.)

Kowalewski was not present for those conferences because he was being held at a detention facility in South Carolina awaiting transport to this district. (Doc. 128 ¶ 3; Doc. 213 at 5; Doc. 219 at 9-10.) The Court denied Kowalewski a continuance at the October 13, 2015 pretrial conference, but noted that he could either proceed with Calvert and Dunn or retain new counsel if he had the funds to do so, which the Court doubted. (Doc. 219 at 5-6, 10.) However, during the October 21, 2015 conference, the Court granted a two-day delay to allow defense counsel additional time to prepare. (Doc. 213 at 11.)

Although due process requires that a defendant be allowed to be present

"whenever his presence has a relation, reasonably substantial, to the fulness of his opportunity to defend against the charge," a defendant's presence is not required when it "would be useless." Kentucky v. Stincer, 482 U.S. 730, 745 (1987) (citations omitted). "The presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only." United States v. Gagnon, 470 U.S. 522, 526 (1985). "The right to be present at every stage of trial does not confer upon the defendant the right to be present at every conference at which a matter pertinent to the case is discussed, or even at every conference with the trial judge at which a matter relative to the case is discussed." United States v. Vasquez, 732 F.2d 846, 848 (11th Cir. 1984) (per curiam).

Kowalewski has not shown that, had he been at the conferences, he "could have done anything" that would have convinced the Court to give him more time to retain new counsel or that he would "have gained anything by attending." Stincer, 482 U.S. at 747. Furthermore, Kowalewski has not argued "that he could have assisted either his counsel or the court in a way that would have resulted in a more reliable hearing." United States v. Boyd, 131 F.3d 951, 954 (11th Cir. 1997) (per curiam). Thus, Kowalewski has not shown that his due process rights were denied, that his attorneys' failure to ensure his presence at the conferences "was deficient,

11

or that the defense was prejudiced by his absence." Stagg v. Sec'y, Dept. of Corr., No. 5:12-cv-194-RS-EMT, 2013 WL 6184058, at *19 (N.D. Fla. Nov. 23, 2013), report and recommendation adopted at, *1. Accordingly, Kowalewski is not entitled to relief on ground two.

**D.     Ground Three: Kowalewski's Right to Testify**

Next, Kowalewski asserts that counsel "urged" him not to testify, which "resulted in his inability to provide exculpatory evidence to the jury about his good faith," such as "his understanding that he had unlimited discretion to invest money in any venture – including private houses – if he believed those ventures were profitable for the clients" and his belief that the investments made with his clients' money were legitimate. (Doc. 227 at 5.)

"Where the defendant claims a violation of his right to testify by defense counsel, the essence of the claim is that the action or inaction of the attorney deprived the defendant of the ability to choose whether or not to testify in his own behalf." United States v. Teague, 953 F.2d 1525, 1534 (11th Cir. 1992) (en banc). Counsel provides a defendant ineffective assistance if, for example, "counsel refused to accept the defendant's decision to testify" or "never informed the defendant of the right to testify." Id. "[I]f counsel believes that it would be unwise for the defendant to testify, counsel may, and indeed should, advise the client in the

12

strongest possible terms not to testify." Id. at 1533.  Thus, counsel's advice that defendant not testify, without more, does not demonstrate deficient performance.

Here, Kowalewski alleges only that counsel "urged" him not to testify, which is appropriate and does not violate his constitutional right to testify. Id. Kowalewski does not contend that his attorneys refused to accept his decision to testify or never informed him about the right and his ultimate authority over the decision.  In fact, Kowalewski admits that "he understood his constitutional right to testify and the right he had to 'overrule his attorneys' advice not to testify." (Doc. 227 at 5.)  The Court clearly explained these rights to Kowalewski at trial.  (Doc. 213-7 at 60-61.)  Kowalewski's "conclusory" assertion that his attorneys provided him unspecified "errant legal and strategic advice" is "insufficient" to demonstrate ineffective assistance of counsel or warrant an evidentiary hearing. Wilson v. United States, 962 F.2d 996, 998 (11th Cir. 1992) (citation omitted); see also Lynn v. United States, 365 F.3d 1225, 1239 (11th Cir. 2004) (per curiam) (finding that an evidentiary hearing was not required where the defendant's claim was based on "nothing more than mere conclusory allegations").  Therefore, Kowalewski is not entitled to relief on ground three.

### E.     Ground Four: Failure to Call Certain Witnesses

Lastly, Kowalewski maintains that his attorneys should have called witnesses

who were available to testify at trial, "including Jonathan Golub[,] an attorney who advised Kowalewski . . . ; Matt Zimmerman, an investment analyst of SJK; Ron Rubin[,] a second lawyer . . . ; and William Salinsky, whose testimony at sentencing illustrated the exculpatory testimony that he was prepared to offer at trial." (Doc. 227 at 5-6.)

"[C]ounsel's failure to call certain witnesses is not sufficient grounds for a Sixth Amendment claim." United States v. Hughes, 635 F.2d 449, 453 (5th Cir. 1981). "Which witnesses, if any, to call, and when to call them, is the epitome of a strategic decision, and it is one that [courts] will seldom, if ever, second guess." Waters v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995); see also United States v. Long, 674 F.2d 848, 855 (11th Cir. 1982) ("This Court will not second-guess tactical decisions of counsel in deciding whether to call certain witnesses."). "Counsel is not required to present every nonfrivolous defense; nor is counsel required to present all mitigation evidence, even if the additional mitigation evidence would not have been incompatible with counsel's strategy." Chandler, 218 F.3d at 1319. Not only has Kowalewski failed to show deficient performance by counsel for failing to call these witnesses, but he also fails to show prejudice because he has made "no viable

proffer in regard to testimony" by those witnesses.[3]  Mackey v. United States, Nos. 1:10-CR-0310-WSD-JFK-1, 1:16-CV-3777-WSD-JFK, 2017 WL 10088189, at *13 (N.D. Ga. Sept. 14, 2017), report and recommendation adopted, 2018 WL 3966265, at *1 (N.D. Ga. Aug. 17, 2018).  Thus, Kowalewski is also not entitled to relief on ground four, and his motion to vacate should be denied.

### III.  CERTIFICATE OF APPEALABILITY

Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides that an applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Section 2253(c)(2) of Title 28 states that a certificate of appealability ("COA") shall not issue unless "the applicant has made a substantial showing of the denial of a

---

[3] Salinsky testified at sentencing that Kowalewski only received a net of $4.7 million from the investment funds into his personal accounts.  (Doc. 213-8 at 89-90.) Kowalewski has not shown that this testimony, had it been presented at trial, would have altered the verdict.  Additionally, for the reasons presented in the government's response (Doc. 230 at 48-49), Kowalewski cannot show a reasonable likelihood that this testimony would have resulted in an acquittal.

constitutional right." A movant satisfies this standard by showing "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

Based on the foregoing discussion of Kowalewski's grounds for relief, the resolution of the issues presented is not debatable by jurists of reason, and the undersigned recommends that he be denied a COA.

### IV.   CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that Kowalewski's § 2255 motion (Doc. 227) and a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the Magistrate Judge.

**SO RECOMMENDED** this 5th day of August, 2019.

/s/ J. Clay Fuller
J. Clay Fuller
United States Magistrate Judge