# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| STANLEY J. KOWALEWSKI, <br> Movant, | : <br> : <br> : | CRIMINAL ACTION NO. <br> 2:13-CR-0045-RWS-1 |
| v. | : <br> : | CIVIL ACTION NO. |
| UNITED STATES OF AMERICA, <br> Respondent. | : <br> : | 2:18-CV-0225-RWS |

## ORDER

Presently before the Court is the Magistrate Judge's Report and Recommendation (R&R) recommending that Movant's motion to vacate pursuant to 28 U.S.C. § 2255 be denied and the case dismissed. [Doc. 231]. Movant has filed his objections in response to the R&R. [Doc. 237].

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the Report and Recommendation that is the subject of a proper objection on a *de novo* basis and any non-objected portion under a "clearly erroneous" standard. "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988).

As set forth in more detail in the R&R, Movant was convicted in this Court after a jury trial of twenty-two counts of wire fraud, one count of conspiracy to obstruct a Securities and Exchange Commission (SEC) proceeding, and one count of obstruction of an SEC proceeding based on false testimony and altered documentation. Oversimplifying, Movant operated an investment fund from which he improperly diverted funds and later lied to the SEC when it investigated. See United States v. Kowalewski, 708 F. App'x 605, 607-08 (11th Cir. 2017) (providing a more thorough description of the evidence presented at trial viewed in the light most favorable to the government).

In his § 2255 motion, Movant asserts four claims of ineffective assistance of trial/appellate counsel. Specifically, Movant contends that trial/appellate counsel were deficient for (1) unsuccessfully seeking a continuance so that he could retain new counsel and failing to raise the Sixth Amendment issue on appeal, (2) failing to object when the Court conducted an October 13, 2015 pretrial conference and an October 21, 2015 telephonic conference outside his presence, (3) urging him not to testify at trial, and (4) failing to call certain witnesses.

In the R&R, the Magistrate Judge concludes that Movant is not entitled to relief. With regard to his first claim that trial counsel failed to secure a continuance so that Movant could secure new counsel, trial counsel sought the continuance two

AO 72A
(Rev.8/82)

weeks before the trial was to commence, and this Court denied that motion based on the fact that Movant had not yet hired counsel, that it seem unlikely that Movant would be able to afford retained counsel,[1] and that, given the eleventh-hour nature of the request, it appeared that Movant was attempting to "manipulate the system." [Doc. 219 at 4-5].

After the reviewing the claim, the Magistrate Judge concluded that, because this Court had a reasonable basis to reject the motion and because Movant had not presented a convincing argument that he contends that would have led this Court to grant his motion, Movant could not establish that his counsel were deficient.

With respect to Movant's claim that his counsel failed to raise a Sixth Amendment right to counsel of choice claim in his appeal, the Magistrate Judge concluded that, given the last-minute nature of the request, Movant cannot establish that the Eleventh Circuit would have granted relief.

In response to Movant's claim that trial counsel should have objected to his absence from an October 13, 2015, pretrial conference and an October 21, 2015, telephonic conference, the Magistrate Judge pointed out that criminal defendants do not have a right to appear at every pretrial conference or hearing. "The presence of a defendant is a condition of due process to the extent that a fair and just hearing

---

[1] Movant's counsel at the time were appointed attorneys.

would be thwarted by his absence, and to that extent only." United States v. Gagnon, 470 U.S. 522, 526 (1985). The Magistrate Judge concluded that Movant had failed to establish that his presence at either of the conferences would have changed anything, and he is thus not entitled to relief.

As to his claim that trial counsel convinced him not to testify, the Magistrate Judge explained that such a claim requires a demonstration that "the action or inaction of the attorney deprived the defendant of the ability to choose whether or not to testify in his own behalf," United States v. Teague, 953 F.2d 1525, 1534 (11th Cir. 1992), and that "counsel's advice that defendant not testify, without more, does not demonstrate deficient performance," [Doc. 231 at 13]. The record clearly demonstrates that Movant was well aware of his right to testify and that he decided not to. He admits that "he understood his constitutional right to testify and the right he had to 'overrule his attorneys' advice not to testify." [Doc. 227 at 5]. Moreover, this Court carefully explained Movant's right to testify to him at trial, and Movant indicated that he understood. [Doc. 213-7 at 60-61]. As the decision not to testify was his and his alone, Movant cannot demonstrate that his trial counsel was deficient for advising Movant not to testify.

Finally, with respect to his claim that his trial counsel failed to call certain witnesses to testify, the Magistrate Judge pointed out that the decision of whether to

4

call a certain witness to testify is a strategic decision that courts generally will not second guess. Waters v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995). The Magistrate Judge found that Movant had failed to proffer testimony that was sufficient to overcome the strong presumption that trial counsel's strategic decisions were reasonable.

In his objections, Movant contends that the Magistrate Judge erred in not holding a hearing on his claims that his counsel was deficient for (1) unsuccessfully seeking a continuance so that he could retain new counsel and failing to raise the Sixth Amendment issue on appeal, (2) urging him not to testify at trial, and (3) failing to call certain witnesses.[2] Movant points out that this Court must hold a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

With respect to his claim that this Court violated his Sixth Amendment right in failing to allow him time to secure new counsel, it is clear that no hearing is necessary. As was pointed out by the Magistrate Judge, almost two years passed between Movant's indictment and the trial, and he had ample time to retain private counsel. Given the fact that Movant waited until just two weeks before the trial to seek the

---

[2] Movant raises no objection regarding his claim that he was not present at two pretrial conferences.

continuance and this Court's wide discretion in managing its docket, it is clear that Movant cannot demonstrate that this Court committed reversible error in declining to grant the continuance.

Moreover, this Court notes that in a declaration attached to his objections, Movant admits that he did not have, and would not have been able to secure, funds to hire retained counsel. According to his declaration, he needed money from his friend, Dwain Kendall to pay the attorney. [Doc. 237-1 at 1]. Kendall was willing to give him the funds, but Movant was unaware of that fact because his (now ex-) wife lied to him and told him that Kendall wanted no contact with Movant. [Id.]. Kendall tried to reach Movant, but was unsuccessful until after Movant began serving his sentence after the trial. [Id.]. Accordingly, even if this Court had granted the continuance, Movant would not have been able to hire his attorney of choice, and it is clear that Movant is not entitled to relief with respect to this claim.

This Court likewise concludes that no hearing is necessary with respect to his claim that his trial counsel urged him not to testify. In his declaration attached to his objections, Movant details the many things that he would have testified about, presumably in an effort to demonstrate prejudice. However, as observed by this Court, and as detailed at length by the Government in its response in opposition to Movant's § 2255 motion, [Doc. 230 at 2-16], the evidence against Movant was overwhelming,

6

and, putting it mildly, Movant's credibility is negligible. The many prevarications, overstatements, understatements, fraudulent acts (both before and after he was indicted), and violations of court orders made and committed by Movant over an extended period are well documented throughout the record of this matter, [e.g., Doc. 230 at 2-17, Doc. 213-8 at 142-60], and in the civil securities action before Judge Timothy C. Batten, Sr., Securities and Exchange Commission v. Kowalewski, 1:11-CV-00056-TCB [e.g., Docs. 61, 74, 115, 116, 129, 140]. At the trial, the Government proved that Movant had repeatedly lied to his investors, to the Government, and to this Court. For example, in his sworn testimony in the civil action, he produced sham rental agreements and falsely claimed that he and his relatives had paid rent for the homes he bought with investor funds. If he had testified in the criminal action, the Government would have had the opportunity to present even more impeachment evidence, such as (1) the fact that, in an apparent attempt to obtain release on bond, Movant, who has diabetes, compromised his own wellbeing by consuming excess sugar and reducing the amount of insulin that he was injecting into himself and then blamed jail medical personnel for his deteriorating health, [Doc. 213-8 at 151-52], or (2) that in direct contravention of a court order, he removed all of the fixtures and doors, and entirely gutted the kitchen, of his home in North Carolina, Case No. 1:11-CV-00056-TCB [Doc. 116]. Given these extreme examples of

7

dishonesty, it is clear that trial counsel were not deficient in advising Movant not to testify. Chandler v. United States, 218 F.3d 1305, 1315 (11th Cir. 2000) (test is whether "no competent counsel would have taken the action that his counsel did take"); see Lisbon v. United States, 758 Fed. Appx. 780, 782 (11th Cir. 2018) (applying this standard to a claim that trial counsel improperly advised a criminal defendant not to testify). This Court additionally finds that if Movant had testified, there is no reasonable probability that the outcome of his trial would have been different because the jury likely would not have believed his testimony. As a result, this Court concludes that the record conclusively shows that Movant is entitled to no relief with respect to this claim.

Turning to Movant's claim that his trial counsel were ineffective for failing to present the testimony of certain witnesses, in his § 2255 motion, Movant contended that trial counsel should have called Jonathan Golub, Matt Zimmerman, Ron Rubin, and William Salinski. In his objections, Movant adds Michael Fontenot to the list.

As noted above, the Magistrate Judge found that Movant had not proffered how these witnesses would have testified. In his objections, Movant points to Salinski's testimony at the sentencing hearing and attaches an affidavit of Fonenot's proposed testimony. (Movant has provided no information regarding how Golub, Zimmerman, or Rubin would have testified.) However, Salinski merely testified that Movant

benefited from only $4.7 million from the investment funds rather than the larger amount claimed by the Government. His testimony did not tend to demonstrate that Movant was not guilty of the crimes for which he was convicted.

Fontenot's testimony is also limited. In his affidavit, Fontenot states that he (1) discussed the Special Opportunities Fund[3] with Movant and Greg Schaak in the summer of 2010, (2) signed a rental agreement and paid rent on a home in Greensboro, North Carolina, (3) never witnessed Movant make misrepresentations to investors while serving as compliance officer of Movant's company, and (4) confirmed that Movant's company held regular investment committee meetings.

While Fontenot's testimony does tend to refute some small portion of the evidence presented by the Government at Movant's trial, given the limited nature of that testimony and the overwhelming evidence of Movant's guilt, this Court finds that Fotenot's testimony does not undermine confidence in the jury's determination of Movant's guilt. See Strickland v. Washington, 466 U.S. 668, 694 (1984). This Court thus determines that, with respect to this claim, the record conclusively demonstrates that Movant is not entitled to relief, and he is not entitled to a hearing.

---

[3] This is the fund that Plaintiff used to store investor money and purchase homes for himself and for family members. Schaak testified at Movant's trial that Movant never discussed the Special Opportunities Fund with him and never disclosed his self-dealing transactions. [Doc. 213-4 at 577-81].

Based on the foregoing and after a de novo review in light of Movant's objections, this Court concludes that the Magistrate Judge is correct. Accordingly, the R&R, [Doc. 231], is hereby **ADOPTED** as the order of this Court, and the § 2255 motion is **DENIED**. The Clerk is **DIRECTED** to close Civil Action No. 2:18-CV-0225-RWS.

This Court further agrees with the Magistrate Judge that Movant has failed to raise any claim of arguable merit, and a Certificate of Appealability is **DENIED** pursuant to 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**, this __18th__ day of __Nov.__, 2019.

                                              RICHARD W. STORY
                                              UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)