IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>STANLEY KOWALEWSKI,<br><br>Defendant. | Criminal Action No.<br><br>2:13-CR-45-RWS |

## ORDER

This case comes before the Court on Defendant Kowalewski's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The Government filed a response [245], and Kowalewski filed a reply [247]. The Government then filed a notice [248] supplementing the record. After considering the submissions of the parties, the Court enters the following Order.

### I. Background

On November 5, 2015, a jury convicted Kowalewski on 24 counts, including wire fraud, conspiracy to obstruct an SEC proceeding, and obstruction of an SEC proceeding. [162]. On March 25, 2016, the Court sentenced Kowalewski to 209 months' imprisonment, three years of supervised release, a $2400 special assessment, and $9,436,236.23 in restitution. [202]. He has a projected release

date of January 27, 2031.  Kowalewski is presently housed at the Federal Correctional Institution in Oakdale, Louisiana ("FCI Oakdale"), a low security institution.

Kowalewski submitted a request for compassionate release dated March 31, 2020 to the Warden at FCI Oakdale.  The request was received April 2, 2020.  The Government represents that the Warden's response to the request is that Kowalewski needs to submit additional information.  Once that information is received, the request will be reviewed.  The Government also represents that on April 19, 2020, Kowalewski was denied home confinement after review pursuant to the Attorney General's memoranda.  On April 8, 2020, Kowalewski filed the present motion asserting he is entitled to a compassionate release reduction of sentence to time served.

## II. Discussion

**A. Jurisdiction**

The Government challenges the jurisdiction of this Court to consider Kowalewski's motion.  The Government asserts Kowalewski failed to exhaust administrative remedies as required by the compassionate release statute.  First, the Government apparently contends Kowalewski has not completed his request to the Warden for compassionate release because additional information has been sought

from Kowalewski that is required before his request can be considered. The Government also contends the Court lacks jurisdiction because Kowalewski did not allow 30 days for a decision on his request before he filed the present motion.

Kowalewski concedes that 30 days have not passed since he lodged his request but notes that the 30 days will elapse on April 30. Two questions must be resolved. First, what is the effect of the pending request from the Warden to Kowalewski? Second, must an inmate wait 30 days from the submission of the request before filing a motion?

Following amendment by the First Step Act allowing a defendant to file a motion for compassionate release, the statute reads:

> The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> > (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . .

18 U.S.C. § 3582(c).

To take advantage of the provision in § 3582, an inmate must first exhaust administrative remedies before seeking judicial relief. See, e.g., United States v. Solis, No. CR 16-015-CG-MU, 2019 WL 2518452, at *2 (S.D. Ala. June 18, 2019)

(denying motion for compassionate release because defendant failed to exhaust administrative remedies); United States v. Elias, No. 6:06-096-DCR, 2019 WL 2193856, at *1 (E.D. Ky. May 21, 2019) (same).  Courts have ruled that until a party provides the information required for a warden to make a decision, that party has not exhausted his administrative remedies or triggered the 30-day lapse period. United States v. Currie, No. CR 107-077, 2020 WL 1929136, at *2 (S.D. Ga. Apr. 21, 2020); United States v. Howard, No. 4:15-CR-00018-BR, 2019 WL 7041860, at *3 (E.D. N.C. Dec. 20, 2019).  However, on the present record, the Court is unwilling to find that Kowalewski has not completed his request as required to trigger the 30-day lapse period.  Based on the limited representations of the Government, the nature of the information the Warden requests and what actual communications the Warden has had with Kowalewski concerning the request are unknown.  The nature of the requests, how and when the requests are communicated, and other factors could affect whether the clock should be stopped based on a request for more information.  Therefore, for purposes of the present motion, the Court will assume Kowalewski made his request on March 31, 2020 and triggered the 30-day lapse period at that time.

  However, the Court concludes Kowalewski failed to satisfy the 30-day lapse requirement.  The statute requires the lapse of 30 days as a prerequisite to the filing

of a motion by a defendant.  The intent of the statute is clearly to afford the Bureau of Prisons ("BOP") the opportunity, in the first instance, to consider the compassionate release.  Only then may an inmate pursue relief on his own.  Kowalewski filed his motion before the 30 days lapsed.

Kowalewski urges the Court to waive the 30-day lapse requirement.  Accepting that the Court has the authority to waive the requirement, the facts in the present case do not warrant waiver.  The cases relied upon by Kowalewski are readily distinguishable from his case.  In United States v. Wilson Perez, No. 17-cr-513, 2020 WL 1546422 (S.D.N.Y. Apr. 1, 2020), the 30-day requirement was waived for a defendant who had only 16 days remaining on his sentence.  He had suffered two severe beatings in custody that resulted in two reconstructive surgeries.  He was suffering significant pain and vision problems and follow-up care was difficult to obtain.  In United States v. Gonzalez, No. 2:18-CR-0232-TOR-15, 2020 WL 1536155 (E.D. Wash. March 31, 2020), the court found that the defendant had exhausted her administrative remedies because the BOP stated no administrative remedies were available to her as she had not been assigned to a BOP facility.  She had only 9 months remaining to serve, was over 60 years old, and suffered with COPD and emphysema.  In United States v. Muniz, No. 4:09-cr-00199, Document 578, filed March 30, 2020 (S.D. Tex.), the court found that the

defendant had actually exhausted his administrative remedies. Also, he suffered with end stage renal disease, diabetes, and arterial hypertension. He had also undergone amputation of his right foot and was wheelchair-bound. He had served 80% of his sentence.

Kowalewski's circumstances are significantly different from each of these defendants. Waiver of the 30-day requirement is not appropriate in his case. Therefore, the Court has no authority to modify Kowalewski's sentence, and his motion [245] is due to be **DENIED**.

**B. Merits**

Assuming the Court had jurisdiction, Kowalewski would not be entitled to the relief he seeks. The compassionate release provision in § 3582(c)(1)(A) authorizes a court to modify a term of imprisonment "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that (i) extraordinary and compelling reasons warrant such a reduction . . . and that such reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Sentencing Guidelines provide that a court may reduce a term of imprisonment "if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that (1)(A) extraordinary and compelling reasons warrant the reduction; . . . (2) the defendant is not a danger

to the safety of any other person or to the community as provided in 18 U.S.C. § 3142(g); and (3) the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.  The Application Notes to this section list three circumstances that would qualify as extraordinary and compelling: (1) medical condition, (2) advanced age, and (3) family circumstances.  Id. n. 1(A-C).  The Note also includes a general catchall provision whereby the Director of the BOP may determine an extraordinary and compelling reason other than, or in combination with, the foregoing.  Id. n. 1(D).  Kowalewski does not meet any of these criteria.

Kowalewski contends that the courts are vested with discretion to go beyond the criteria in the BOP regulations and Application Notes in finding "extraordinary and compelling reasons" that would warrant a reduction in sentence.  Kowalewski seeks compassionate release due to personal characteristics that he contends place him at greater risk than the general population if he contracts COVID-19.  Also, he asserts that the inadequate response to the COVID-19 pandemic by officials at FCI Oakdale creates an additional circumstance warranting relief.  Kowalewski is 48 years old and has Type-1 diabetes with neuropathy.  Diabetes has been identified as a condition that increases the fatality rate for those who contract COVID-19.  In response to Kowalewski's contentions regarding his personal risk characteristics, the Government notes that Kowalewski's age of 48 is not a risk factor.  Also, the

7

Government has offered evidence that Kowalewski's diabetes is well-managed and presents no impediment to self-care in prison.  Thus, the Government asserts that Kowalewski's personal characteristics do not qualify him for compassionate release.

Turning to Kowalewski's allegations regarding the response of the BOP at FCI Oakdale, Kowalewski has submitted substantial evidence of the seriousness of the COVID-19 outbreak at FCI Oakdale.  He also points out the lack of reliable information concerning conditions there.  FCI Oakdale was identified by Attorney General Barr as one of the first institutions at which the BOP should review inmates for possible transfer.  As has been stated, Kowalewski's case was reviewed for home confinement, and he was found not to be eligible.  Also, the ACLU has filed a class action suit concerning conditions at FCI Oakdale which documents concerns at the facility.  Kowalewski asserts that the situation at FCI Oakdale poses Eighth Amendment and Due Process problems.

In response, the Government outlines the steps being taken by the BOP to address the pandemic in prisons.  As for FCI Oakland specifically, the Government submitted declarations from Juan Segovia, a former Associate Warden at FCI Oakdale who is temporarily reassigned there to assist with the COVID-19 emergency, and Dr. Richard Griffin, M.D., the current Clinical Director for FCI

Oakdale. These witnesses recount steps being taken at FCI Oakdale to address the COVID-19 pandemic. Of particular note, officials from the Centers for Disease Control and Prevention (CDC) and the Louisiana Department of Health (LDH) visited FCI Oakdale on April 13, 2020 and conducted a survey. FCI Oakdale was found to be implementing the CDC guidance components included in the COVID-19 Management Assessment and Response for Detention Facilities tool, as logistically feasible. Four minor recommendations were made which FCI Oakdale immediately began to implement.

The Court finds that Kowalewski fails to meet the enumerated criteria for compassionate release set out in BOP regulations and the Sentencing Commission's policy statements. The Court must now consider whether it is limited to those criteria in assessing a claim for compassionate release. Specifically, in cases filed by a defendant, does a court have authority to find an extraordinary and compelling reason other than one enumerated in the Application Notes or based on a combination of those found in the Application Notes?

The Sentencing Commission "has not updated its policy statements on compassionate release since the First Step Act was signed into law in December 2018. Thus, the current phrasing of § 1B1.13 addresses scenarios in which the BOP Director files a motion for compassionate release, but not situations in which

an inmate files a similar motion under § 3582." United States v. Clark, No. 1:09cr336-1, 2020 WL 1874140, at *2 (M.D. N.C. April 15, 2020). "The First Step Act applies the same statutory requirements to a defendant's motion for compassionate release as previously applied, and still apply, to motions by the Director: 'extraordinary and compelling reasons' must warrant the reduction, the court must consider the § 3553(a) factors, and the reduction must be 'consistent' with any 'applicable' policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A)(i). There is no policy statement applicable to motions for compassionate release filed by defendants under the First Step Act. By its terms, the old policy statement applies to motions for compassionate release filed by the BOP Director and makes no mention of motions filed by defendants. USSG § 1B1.13." United States v. Beck, No. 1:13-CR-186-6, 2019 WL 2716505, at *5 (M.D. N.C. June 28, 2019). While "§ 1B1.13 provides helpful guidance when considering a motion filed by an inmate, [] it does not constrain the Court's independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction under § 3582(c)(1)(A)(i)." Clark, 2020 WL 1874140, at *2 (internal citation and quotations omitted). Kowalewski has cited several cases from other jurisdictions reaching these same conclusions. See United States v. Redd, No. 1:97-cr-00006-AJT, 2020 WL 1248493, at **7-8 (E.D. Va. March 16,

2020) ("a court may find, independent of any motion, determination or recommendation by the BOP Director, that extraordinary and compelling reasons exist based on facts and circumstances other than those set forth in U.S.S.G. §1B1.13"); United States v. Cantu, 423 F. Supp. 3d 345, 351 (S.D. Tex. 2019) ("Given the changes to the statute, the policy-statement provision that was previously applicable to § 3582 no longer fits with the statute and thus does not comply with the congressional mandate that the policy statement must provide guidance on the *appropriate use* of sentence-modification provisions under § 3582"); United States v. Cantu-Rivera, No. H-89-204, 2019 WL 2578272, at *2 (S.D. Tex. June 24, 2019) (finding extraordinary and compelling circumstances based on reasons "other than, or in combination with the remainder of the Guideline definition").

The Court is aware that other courts in this circuit have reached a different conclusion. See United States v. Lynn, No. 89-0072-WS, 2019 WL 3805349, at *2-4 (S.D. Ala. Aug. 13, 2019) (the court held that "[i]f the policy statement needs tweaking in light of the [First Step Act], that tweaking must be accomplished by the Commission, not by the courts"); United States v. Mollica, No. 2:14-CR-329-KOB, 2020 WL 1914956, at *4 (N.D. Ala. Apr. 20, 2020) ("relief under Subsection D requires a finding from the BOP that the inmate has extraordinary

11

circumstances that merit relief outside of those circumstances specifically enumerated in the policy"); United States v. Willingham, No. CR 113-010, 2019 WL 6733028, at *2 (S.D. Ga. Dec. 10, 2019) (motion denied "because she does not meet the specific examples of extraordinary and compelling reasons and the Director of the BOP has not determined that circumstances outside of these examples exist to afford her relief"). While the Court appreciates the reasoning of each of these decisions, the undersigned cannot reconcile the decisions with the intent of the First Step Act, which was to increase the availability of compassionate release[1]. Subsection D authorizes the broadest set of circumstances to qualify for relief. U.S.S.G. § 1B1.13., n. 1(D). Permitting those circumstances to be considered only by the BOP Director would deny defendants who file their own motions the full benefits of the First Step Act. For this reason, as well as those reasons stated in the previously-cited cases, the Court finds that it is authorizeed to consider the enumerated circumstances, as well as circumstances other than, or in combination with, the enumerated circumstances. Nonetheless, the Court will look to §1B1.13 for "helpful guidance" in evaluating the circumstances. Clark, 2020 WL 1874140, at *2.

---

[1] The "First Step Act . . . was enacted to further increase the use of compassionate release and . . . explicitly allows courts to grant such motions even when BOP finds they are not appropriate." Beck, 2019 WL 2716505, at *5.

Having determined the applicable standard, the Court turns to the merits of Kowalewski's motion. Neither his age nor his medical condition qualifies Kowalewski under the enumerated circumstances for relief. The Court must consider whether those circumstances in conjunction with the propriety of FCI Oakland's response to the COVID-19 pandemic warrant the granting of relief. The Court finds that Kowalewski has not offered sufficient evidence to establish this as an extraordinary and compelling reason for compassionate release. The Court recognizes that the BOP, not unlike society at large, is grappling with issues it has never before faced. However, based on the evidence submitted by the Government, the Court is unable to find, at this time, that the circumstances at FCI Oakland warrant release of Kowalewski, either alone or in conjunction with Kowalewski's personal characteristics.

Finally, the 18 U.S.C. § 3553(a) factors weigh against release of Kowalewski. The sentence imposed in this case was an appropriate sentence, and Kowalewski has served less than 25 percent of that sentence. The record, particularly the transcript of the sentencing hearing (Tr. [213-8] at 162-171), reflects findings by the Court regarding the § 3553(a) factors, and the Court will not recount those findings here. The Government offered a fair summary of Kowalewski's conduct in its response [246] to his motion: "Kowalewski defrauded

numerous investors in at least two separate schemes, stole millions of dollars, engaged in rampant self-dealing, obstructed the SEC, committed fraud while on bond, took actions in contempt of court, lied to two District Judges in this District, and expressed no remorse for his actions." (Gov't's Br. [246] at 20-21.) Based on his prior conduct, the Court also finds that Kowalewski would pose a risk to society if he were released. In the current economic climate, the Court is concerned that Kowalewski would prey on new victims with new fraudulent schemes.

    The court understands the legitimate fear that persons in custody have during this pandemic. Everyone is struggling with how best to balance the various interests at issue. Certainly, a primary responsibility of the BOP is assuring the health and safety of those in its custody. The courts must be willing to hold the BOP accountable in that regard. Answers to how best to address the virus are still being explored. Thus, as this situation develops, various forms of relief may be required. Today's decision addresses only the specific issue before this Court in the context of our present circumstances.

## Conclusion

Based on the foregoing, Defendant Kowalewski's Motion [245] is **DENIED**.

**SO ORDERED** this 30th day of April, 2020.

_____
**RICHARD W. STORY**
United States District Judge