# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | | |
|---|---|---|
| STANLEY J. KOWALESKI, | : | MOTION TO VACATE |
| BOP Reg. No. 63179-019, | : | 28 U.S.C. § 2255 |
|     Movant, | : | |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
|     Respondent. | : | 2:13-CR-0045-SCJ-JCF-1 |

## FINAL REPORT AND RECOMMENDATION

Movant Stanley J. Kowaleski, a federal prisoner currently confined at the federal correctional institutional in Fort Dix, New Jersey, has filed a *pro se* successive 28 U.S.C. § 2255 motion-to-vacate challenging his 2016 convictions and sentences in this Court for 22 counts of wire fraud, one count of conspiring to obstruct a Securities and Exchange Commission ("SEC") proceeding, and one count of obstructing an SEC proceeding. (See doc. 282; see also doc. 202 at 1.)

As background, Movant filed a prior § 2255 motion in December 2018. (Doc. 227.) This Court denied his motion on the merits. (Docs. 231, 238.) Movant appealed, and the Eleventh Circuit denied him a certificate of appealability ("COA"). (Doc. 244.) Movant sought permission from the Eleventh Circuit to file a second or

successive § 2255 motion, and the Eleventh Circuit denied his application on June 6, 2023.  See memorandum op. at 7, In re: Kowaleski, No. 23-11766-A (11th Cir. Jun. 6, 2023).  Nevertheless, Movant subsequently filed the instant successive § 2255 motion.  (Doc. 231.)

A federal prisoner who wishes to file a second or successive motion to vacate, set aside, or correct sentence is required to move the Court of Appeals for an order authorizing the district court to consider such a motion.  See 28 U.S.C. § 2255(h) (cross-referencing 28 U.S.C. § 2244).  Absent such authorization, a district court lacks jurisdiction to consider a second or successive § 2255 motion.  United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005).

Because Movant has not obtained authorization from the Court of Appeals to file a second or successive § 2255 motion, this Court lacks jurisdiction to consider his present filing.  Movant's contention that his successive § 2255 motion is based on newly discovered evidence is insufficient to overcome the procedural bar.  (See Doc. 231 at 1.)  Federal law does not provide any exception to the requirement that a movant receive authorization from the Court of Appeals prior to consideration of a successive § 2255 motion.  See 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A); see also, e.g., McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (noting that, absent prior

authorization by the Court of Appeals, § 2244(b)(3)(A) constitutes a "permanent and incurable bar to federal review of the underlying claims" presented in a second or successive § 2255 motion) (internal quotation omitted).

Accordingly, **IT IS RECOMMENDED** that the § 2255 motion [231] be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction pursuant to 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A).[1]

The Clerk of Court is **DIRECTED** to terminate the referral to the undersigned United States Magistrate Judge.

**SO RECOMMENDED**, this 18th day of October, 2023.

/s/ J. Clay Fuller
J. Clay Fuller
United States Magistrate Judge

---

[1] Ordinarily, federal prisoners must obtain a COA to appeal the denial of a § 2255 motion. 28 U.S.C. § 2253(c)(1)(B); Jackson v. Crosby, 437 F.3d 1290, 1294 (11th Cir. 2005). However, the Eleventh Circuit has held that dismissal of a successive habeas petition for lack of subject matter jurisdiction does not constitute a "final order in a habeas corpus proceeding" for purposes of § 2253(c). Hubbard v. Campbell, 379 F.3d 1245, 1247 (11th Cir. 2004). Accordingly, the undersigned offers no COA recommendation in this matter.